**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Manuel RUIZ–ROMERO, Defendant— Appellant.**

No. 01–50642.

D.C. No. CR–01–01490–TJW.

United States Court of Appeals, Ninth Circuit.

---

**700**

Before PREGERSON, RYMER, and MCKEOWN, Circuit Judges.

### MEMORANDUM**

Manuel Ruiz–Romero challenges his conviction for having been "found in" the United States in violation of 8 U.S.C. § 1326. We affirm.

Ruiz–Romero first argues that the district court erred by admitting various documents pertaining to the 1998 reinstatement of his 1988 deportation order. In the district court, Ruiz–Romero argued for the exclusion of these documents on the grounds "that use of [the] reinstatement [was] cumulative." He contends that the reinstatement evidence was irrelevant because he did not contest that he had been deported in 1988. Ruiz–Romero, however, did not stipulate to the fact of his 1988 deportation and, thus, remained free to argue that he was not deported or that his deportation did not comport with due process. The reinstatement evidence was relevant to proving Ruiz–Romero's alienage and proper deportation in 1988. The district court acted squarely within its discretion in overruling Ruiz–Romero's objection.

Ruiz–Romero also argues that the reinstatement documents constituted impermissible propensity evidence. He, however, failed to make this argument in the district court; thus, we review for plain error, reversing only if the error affected the fairness, integrity, or reputation of the judicial proceedings. *United States v. Tisor*, 96 F.3d 370, 376 (9th Cir.1996). The evidence was not so prejudicial as to have rendered its admission plainly erroneous.

Ruiz–Romero argues that the indictment was defective because it failed to allege "knowledge." Section 1326 is a general intent crime. *Pena–Cabanillas v. United States*, 394 F.2d 785, 789–90 (9th Cir.1968); *see also United States v. Leon–Leon*, 35 F.3d 1428, 1432–33 (9th Cir.1994) (reaffirming *Pena–Cabanillas*). The government is only obliged to prove voluntariness with regard to the actus reus: entering or being found in the United States. The government was not obliged to allege knowledge in the indictment. Ruiz–Romero also argues that the indictment was improper because it failed to allege a voluntary reentry into the United States. This argument is foreclosed by *United States v. Parga–Rosas*, 238 F.3d 1209, 1213 (9th Cir.2001).

The district court admitted various documents from Ruiz–Romero's INS A-file. Ruiz–Romero argues that the documents were inadmissible hearsay and admitted in violation of the Confrontation Clause. We have already held that the admission of an individual's A-file is appropriate under the public records exception and that doing so does not violate the Confrontation Clause. *United States v. Hernandez–Herrera*, 273 F.3d 1213, 1217–18 (9th Cir.2001).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.